FILED
U.S. DISTRICT COURT
IV.

2011 MAY 26 AM 11: 42

CLERK _R Clu_
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ALPHONSO IRVING,         :

         Petitioner,      :

         vs.                 :         CIVIL ACTION NO.: CV211-041

ANTHONY HAYNES, Warden,    :

         Respondent.      :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alphonso Irving ("Irving"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Irving filed a Traverse. For the reasons which follow, Irving's petition should be **DENIED**.

## STATEMENT OF THE CASE

Irving was sentenced to 46 months' imprisonment after pleading guilty to one count of the unlawful use of a communication facility during the commission of a controlled substance offense, in violation of 21 U.S.C. § 843(b).

In his petition, Irving contends that his sentence should be reduced by one year because he completed the Residential Drug Abuse Program ("RDAP"). Respondent asserts that Irving's petition should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

Irving states that he has completed the RDAP, and, accordingly, he is entitled to a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Irving alleges that the Bureau of Prisons ("BOP") erroneously denied his request for early release based on his prior state of Georgia conviction for aggravated assault. Irving avers that the elements of the crime of his aggravated assault conviction under state law is not sufficiently similar to aggravated assault, as defined by the Federal Bureau of Investigations ("FBI"), such that he should be excluded from eligibility for early release.

Respondent asserts that Irving cannot contest the BOP's order denying his request for a sentence reduction, as a decision regarding sentence reduction is within the BOP's sole discretion. Respondent also asserts, however, that Irving can contest the validity of the regulations the BOP relied on in making its decision. However, Respondent contends, the BOP's regulation concerning discretionary sentence reductions is valid. Respondent also contends that Eleventh Circuit Court of Appeals has held that the absence of a statutory definition of a "nonviolent offense" indicates that Congress intended for the BOP to determine which offenses qualify. Respondent further contends that the BOP's adoption of the FBI's Uniform Crime Reporting Program's definition of aggravated assault to be a disqualifying crime for sentence reduction purposes is a reasonable interpretation.

18 U.S.C. § 3621(e)(1) directs "that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, [and] the [BOP] shall, subject to the availability of appropriations, provide residential substance abuse treatment[.]" This treatment program carries with it an early release

AO 72A
(Rev. 8/82)

component, wherein the BOP has discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a "nonviolent offense" and completes a RDAP during his present term of confinement. 18 U.S.C. § 3621(e)(2)(B). There is no definition for "nonviolent offense" in section 3621(e)(2)(B)[1], and accordingly, the BOP is free to "promulgate[ ] regulations and policies to implement the early release incentive." Lopez v. Davis, 531 U.S. 230, 234-35 (1990); Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Regulations implementing this provision subsequently excluded inmates who committed an aggravated assault from the early release incentive. The applicable Regulation provides that, at the Director's discretion, "inmates who have a prior felony or misdemeanor conviction for[ a]ggravated assault[ ]" are not eligible for early release. 28 C.F.R. § 550.55(b)(4)(iv). The BOP's Program Statement implementing this Regulation lists the offenses which preclude an inmate's receiving the early release incentive, including those who have a prior felony or misdemeanor conviction for aggravated assault. Program Statement 5331.02 §5. The Eleventh Circuit Court of Appeals has determined that the BOP's decision regarding previous convictions which are not "nonviolent offenses" within the meaning of section 3621(e)(2)(B) is a reasonable interpretation of this statute. Cook, 208 F.3d at 1321-22. Under the applicable law, "[n]othing more is required." Id. at 1322.

The BOP's determinations that aggravated assault is not a nonviolent felony and that Irving is not eligible for early release because of his previous conviction for aggravated assault are reasonable.

---

[1] Had Congress intended to define "nonviolent offense" in this statute, it would have done so, as there is a "definitions" section contained in this statute. 18 U.S.C. § 3621(e)(5).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Irving's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of May, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)